The direction in the will of Robert Kincaid, that upon the death of his wife the land and negroes which he had given to her for life should be sold and the proceeds equally divided among his seven named children, had the effect to convert the real estate into personality, *Page 389 
and in the events which have happened the plaintiff J. W. Conly is entitled to one share, as the representative of his first wife, Patsey. Powell v.Powell, 41 N.C. 50; Adams Eq., 150. Patsey had a vested interest in the property given to her mother for life, which upon her death in the lifetime of her mother belonged to her husband as her administrator.
This doctrine is so well settled that it is unnecessary to enter into a further discussion of it.
Cited: Falls v. McCulloch, 62 N.C. 140; Kincade v. Conley, 64 N.C. 390;Benbow v. Moore, 114 N.C. 270.
NOTE. — Vide Britton v. Miller, 63 N.C. 268; Sutton v. West,77 N.C. 429. A legacy of property, "to be sold at my wife's death and equally divided among all my children," is vested; and therefore the representatives of such children as survived the testator and died before the wife are entitled to shares. Falls v. McCulloch, 62 N.C. 140; seeKincade v. Conley, 64 N.C. 387.